ANTONIO DEFENDINI, Plaintiff, Appellee and Appellant, *v.* HEIRS OF EUGENIO PÉREZ CLAUDIO, ETC., Defendants, Appellants and Appellees.

No. 10552. Argued April 3, 1952.—Decided May 29, 1952.

464

Celestino Iriarte and F. Fernández Cuyar for appellants. Arturo Ortiz Toro for appellee.

Mr. Chief Justice Todd, Jr., delivered the opinion of the Court.

In Meléndez v. Metro Taxicabs, 68 P.R.R. 709; Varela v. Fuentes, 70 P.R.R. 838; Ferrer v. Varela, 71 P.R.R. 70; Santana v. García, 71 P.R.R. 132; Buscaglia, Treas. v. Tax Court; Wallace Clegg Kemper, Intervener, 71 P.R.R. 278; Cáceres v. García, 71 P.R.R. 378; and Darder v. Bayamón Truck Service, 72 P.R.R. 74, we have repeatedly called the attention of the district courts as to their duty under Rule 52(a) of Civil Procedure on deciding a case, of setting out separately the findings of facts and conclusions of law, and that they must abandon their practice of writing a "Statement of the Case and Opinion" or "Statement of Facts and Opinion." In Meléndez v. Metro Taxicabs, supra, we clearly set forth the form in which Rule 52(a) may be satisfactorily complied with.

However, the District Court of Puerto Rico, Bayamón Section, persists [1] in not complying with Rule 52(a) and in deciding the cases under a "Statement of Facts and Opin-

---

[1] The same situation is found in Prensa Democrática, Inc. v. Rogelio Meléndez Ríos and Tomasa Dávila Padró v. Amparo Córdova Dávila et al., decided today.

ions" in which, notwithstanding the importance of the finding of facts and the conclusions of law that may arise, it merely refers to the pleadings and then in a narrative form sets forth the witnesses' testimony, and finally, without setting out separately each finding of fact and in a general way, it decides the case.

In the case at bar, for instance, in which the principal question was to determine whether plaintiff was contracted by defendants to sell certain properties belonging to the latter on a five per cent commission, or whether, on the contrary, without having agreed to said specific commission, plaintiff, in obtaining a buyer for the property, had a right to a five per cent commission because such is the practice in this type of transactions, the lower court decided it as follows:

"Plaintiff has been a real estate broker for several years and *whether* the parties agreed to pay a commission of five per cent on the selling price, *or whether* the doctrine of usage and custom may be applied herein, which is the payment of five per cent on the said selling price, defendants are bound to remunerate plaintiff for his work." (Italics ours.)

We can not decide the appeals taken by plaintiff as well as by defendants, from the judgment ordering the latter to pay to the former $6,500 (that is, 5 per cent of $130,000 which was the price paid for defendants' properties.) Plaintiff complains that the lower court refused to award him legal interest on the $6,500 from the date of the filing of the complaint. Assuming, without deciding, for the time being, for we are not considering defendants' appeal on its merits, that plaintiff was commissioned by defendants to carry out the sale of the property, if it was under a contract of 5 per cent specific commission, the sum claimed would be net and plaintiff would be entitled to the interests he claims. On the other hand, if no contract existed the situation varies and the 5 per cent commission would depend on whether it

was proved that it was the practice to pay said per cent on a sale of $130,000, and then the sum claimed would not be net at the time the complaint was filed. It is significant that although it was alleged in the complaint that defendants entrusted plaintiff with the sale of the properties "and offered to pay him a commission of five per cent (5%) of the total sale," the lower court in its "Statement of Facts and Opinion" merely states as to this matter that defendants commissioned plaintiff "to sell their properties which are described in the complaint." In no way did it determine whether it was proved that a contract existed between the parties or whether on the contrary it was deciding the case on the doctrine of usage and custom prevailing in these transactions.

 We think the time has come to warn the district courts that this Court will not take it upon itself to search through the general "Statements of the Case or of Facts and Opinion" and ascertain which are the findings of fact and conclusions of law which they have reached in deciding the case submitted to them and that we shall set aside all judgments where the court has failed to comply strictly with Rule 52(a) of Civil Procedure, and remand the case for compliance therewith.

Judgment will be set aside and the case remanded so that the District Court of Puerto Rico, Bayamón Section, may comply with Rule 52(a) and then render the proper judgment.

